UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BARBARA SEAMAN, individually and on
behalf of all others similarly situated,

                Plaintiff,

     - against -                           Class Action Complaint

THIS IS L., INC.,

                                   Jury Trial Demanded
             Defendant.

Plaintiff Barbara Seaman alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1.    This Is L., Inc. ("Defendant") manufactures, markets, and sells tampons under the L. brand (the "Product").

2.    The Product states on the front label "NO RAYON, CHLORINE BLEACHING, DYES OR FRAGRANCES" as shown below.



3. The statement "NO [ ] CHLORINE BLEACHING, DYES OR FRAGRANCES" appeals to purchasers who seek tampons that do not add unnecessary ingredients, *i.e.*, those that do not support the efficacy of the tampon or the tampon components.

4. Though the statement "NO [ ] CHLORINE BLEACHING [or] DYES" may be literally true, this statement is misleading because the Product contains titanium dioxide, a synthetically prepared powder used as a white pigment.

5. The use of titanium dioxide serves the identical purpose of bleaching or dyes with respect to Product's tampons and tampon components.

6. The use of titanium dioxide is solely for the appearance of the Product's tampon and the tampon components and does not support the function or efficacy of the tampon or the tampon components.

7. Defendant sold more of the Product and at higher prices than it would have in the absence of this misleading statement, resulting in additional profits at the expense of consumers.

8. The Product is sold at between $0.28-0.45 per tampon. The number of tampons per package varies, as does the price per tampon, but the Product is sold at a premium price compared to other tampons.

9. As a result of the misleading representations, the Product is sold at prices higher than similar products that are represented in a non-misleading way and at prices higher than they would be sold absent the misleading representations.

## Jurisdiction and Venue

10. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

11. The aggregate amount in controversy exceeds $5 million, including any statutory

damages, exclusive of interest and costs.

12. Plaintiff is a citizen of New York.

13. Defendant is a California corporation with a principal place of business in Cincinnati, Ohio, Hamilton County.

14. The class of persons Plaintiff seeks to represent includes persons who are citizens of New York, a state different from which Defendant is a citizen.

15. The members of the class Plaintiff seeks to represent number more than 100 because the Product has been sold at thousands of locations and online in New York.

16. The Product is available to consumers from third-party retailers, including grocery stores, dollar stores, warehouse club stores, drug stores, big box stores, and online.

17. Venue is in this District because Plaintiff resides in this District and the actions giving rise to these claims occurred within this District.

18. Venue is in this District, with assignment to the Brooklyn Courthouse, because a substantial part of the events or omissions giving rise to these claims occurred in Kings County, including Plaintiff's purchase, transactions and/or use of the Product and awareness and/or experiences of and with the issues described here.

Parties

19. Defendant is a California corporation with a principal place of business in Cincinnati, Hamilton County, Ohio.

20. Defendant operates the L. brand of women's personal care products.

21. Plaintiff Barbara Seaman is a citizen of Brooklyn, Kings County, New York.

22. Plaintiff sought to purchase tampons that do not add unnecessary ingredients, such as coloring, which do not improve the function or efficacy of the Product.

23. Plaintiff purchased one or more of the Products on several occasions at various stores in or near the Flatbush neighborhood of Brooklyn, including between 2021 and 2024 at Duane Reade, CVS, Walgreens, and Target.

24. Plaintiff read and relied upon the statement on the Product's packaging that the tampons contain "NO [ ] CHLORINE BLEACHING [or] DYES".

25. Plaintiff chose between Defendant's Product and similar products but which did not misrepresent their attributes and/or components.

26. Plaintiff paid more for the Product than she would have paid absent the misleading statement.

## Class Allegations

27. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following class:

> **New York Class:** All persons in New York who purchased the Product during the statutes of limitations for each cause of action alleged.

28. Common questions of issues, law, and fact predominate and include whether Defendant's representation that the Product's tampons contain "NO [ ] CHLORINE BLEACHING [or] DYES" was and is misleading and if Plaintiff and class members are entitled to damages.

29. Plaintiff's claims and bases for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

30. Plaintiff is adequate representatives because her interests do not conflict with other members.

31. No individual inquiry is necessary because the focus is only on Defendant's practices and the class is definable and ascertainable.

32. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

33. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

New York General Business Law ("GBL") §§ 349 and 350

34. Plaintiff incorporates by reference all preceding paragraphs.

35. Defendant's deceptive acts were directed at consumers.

36. Defendant's acts are misleading in a material way.

37. Plaintiff suffered injury as a result of Defendant's deceptive acts.

Unjust Enrichment

38. Plaintiff incorporates by reference all preceding paragraphs.

39. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;

2. Awarding monetary damages, statutory and/or punitive damages, and interest;

3. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

4. Other and further relief as the Court deems just and proper.

Dated: May 14, 2024

        Respectfully submitted,

        REESE LLP

        /s/ *Sue J. Nam*

Sue J. Nam
Michael R. Reese
Kate J. Stoia
100 W 93rd St, 16th Fl
New York NY 10025
(212) 643-0500
*snam@reesellp.com*
*mreese@reesellp.com*

Spencer Sheehan
SHEEHAN & ASSOCIATES, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
*spencer@spencersheehan.com*

James Chung
CHUNG LAW FIRM P.C.
43-22 216th St
Bayside NY 11361
(718) 461-8808
*jchung_77@msn.com*

*Counsel for Plaintiff and
the Proposed Class*

## Certificate of Service

I certify that on May 14, 2024, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☐ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ Sue J. Nam